**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW L. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>JERNBERG INDUSTRIES, INC.,<br><br>Defendant. | FILED: JUNE 10, 2008<br>08CV3339<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE BROWN<br>TG<br><br>**Plaintiff Demands Trial by Jury** |

## COMPLAINT AT LAW

Plaintiff, MATTHEW L. JACKSON ("Jackson"), by and through his attorneys, Caffarelli & Siegel, Ltd., complain against Defendant JERNBERG INDUSTRIES, INC. ("Jernberg" or "the Company") as follows:

## NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Defendant's interference with Plaintiff's exercise of rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The unlawful employment practices described herein were committed within the State of Illinois, in Defendant's facility at 328 West 40th Place in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Matthew L. Jackson, is a resident of Cook County, Illinois. He was employed by Jernberg from approximately September 30, 2002, until his termination on June 28, 2006. Plaintiff was at all relevant times an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(2)(A), including at the time that he was terminated for exercising his rights under the FMLA. Jackson is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Jernberg employs more than 50 employees within 75 miles of his worksite.

5. Defendant is a Delaware corporation doing business in the state of Illinois, is capable of being sued, is an employer under 42 U.S.C. § 2000(e)(b), and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e)(h). Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant, a Company that produces forged and machined components for the automotive industry, on or about September 30, 2002.

7. As a worker in the Final Processing division of the Company, Plaintiff performed manual labor that was physically demanding, required rapid, physically strenuous, and repetitive motions, and included working on a machine that vibrated vigorously.

8. A few months prior to February 7, 2004, as a result of the physical demands of his job, Plaintiff began experiencing pain in his left wrist, which gradually and progressively got worse. On that day, Plaintiff experienced significant pain and swelling in his left wrist.

9. The next day, on or about February 8, 2004, Plaintiff went to the emergency room of the University of Chicago Hospital, where he ultimately was diagnosed as having an overuse injury resulting from his job duties and referred to surgery.

10. Later in the year 2004, Plaintiff took approved continuous leave under the FMLA to have the recommended surgery performed on his left wrist, and to recover from the procedure.

11. Despite the surgery, Plaintiff's injuries did not fully heal, and he continued to experience intermittent severe pain in his left wrist and arm.

12. Based upon his injuries, Plaintiff filed a claim for workers' compensation, which the Company denied and vigorously contested. In June, 2005, the Workers' Compansation Arbitrator found, based upon a full hearing, that the Company's refusal to pay benefits was "objectively unreasonable," that the Company "attempted a cover up," and introduced material "intended to . . . deceive the trier of fact." Thus, the Arbitrator ruled in favor of the Plaintiff and assessed penalties against the Company as a result of its conduct.

13. On August 28, 2005, Plaintiff requested intermittent FMLA leave because of recurring pain in his left hand, wrist, and arm, which prevented him from doing his job.

14. At the Company's request, Plaintiff's surgeon certified Plaintiff's request for intermittent FMLA leave, and further specified that Plaintiff had "to be off work intermittently due to pain and wrist weakness."

15. After receiving the Plaintiff's request form and the Plaintiff's surgeon's certification, Defendant approved Plaintiff for intermittent FMLA leave for a one-year period, from August 29, 2005 until August 29, 2006.

16. At all times relevant to this litigation, Defendant kept Plaintiff's medical certification on file at the Company.

17. For each occasion in which Plaintiff had to take time off pursuant to his approved intermittent FMLA leave, Defendant required Plaintiff to contact his physician and obtain a separate, written doctors' note explaining Plaintiff's condition and excusing him from work.

18. Defendant's requirement that Plaintiff obtain a doctors' note each time he needed to take time off of work pursuant to his approved intermittent FMLA leave effectively required Plaintiff to obtain constant re-certification of his medical condition in violation of the FMLA, and further discouraged him from taking his pre-approved FMLA leave.

19. Plaintiff attempted in good faith to comply with Defendant's doctors' note requirement for the first few months of his intermittent FMLA leave, and obtained notes from his surgeon confirming Plaintiff's condition and excusing him from work for each absence.

20. However, on December 9, 2005, Plaintiff informed Defendant's Human Resources Administrator Kris Franze that his surgeon: a) had become frustrated by having to continually provide doctors' notes for each intermittent day of FMLA leave, and b) informed him that because he had already certified Plaintiff's condition and the need for intermittent absences for a one-year period through August 29, 2006, he would not continue to continue providing doctors' notes for each individual occurrence of intermittent FMLA leave.

21. After December, 2005, Plaintiff continued to take intermittent FMLA leave, and to diligently inform the Company each time that he would be out on leave. However, Franze continued to insist that Plaintiff provide a separate doctors' note for each absence, in order for the absence to qualify as intermittent leave under the FMLA. Franze threatened Plaintiff with termination if he failed to comply with the Company's doctors' note requirement.

22. Because of the Company's insistence that Plaintiff document each occurrence of intermittent FMLA leave with a separate doctor's note, notwithstanding the approved certification, the Plaintiff's wife contacted the United States Department of Labor ("USDOL"), and asked a USDOL representative whether the Company's policy of requiring a doctors' note for each instance of intermittent FMLA leave was legal. The USDOL told Plaintiff's wife that the Company's doctors' note policy violated the FMLA, and that Plaintiff should not have to

provide a doctors' note for each intermittent FMLA absence so long as he had provided the Company with a certification showing the need for intermittent leave.

23. On or about April 12, 2006, in a telephone call between Franze and the Plaintiff, Franze again insisted that Plaintiff provide doctors' notes for specific daily intermittent FMLA absences, and Plaintiff again reiterated that he could not. During that telephone conference, Franze heard a woman, Plaintiff's wife, say in the background: "I called the federal government and they said you do not need to provide paperwork."

24. Defendant had no reason to doubt that the days Plaintiff took intermittent FMLA leave were bona fide, necessary, and that they resulted from the medical conditions identified on his previously-approved FMLA certification.

25. For each day that he took intermittent FMLA leave, although he was not able to obtain separate doctors' notes for each such day, Plaintiff called the Company as soon as he was aware of his need to take the intermittent FMLA leave, and kept the Company regularly informed about his progress and anticipated return to work.

26. On June 29, 2006, Defendant terminated Plaintiff pursuant to the Company's attendance policies, specifically, for having failed to provide separate doctors' notes for each day that Plaintiff was absent on pre-certified, approved, intermittent FMLA leave.

27. At the time of his termination, Plaintiff had not exhausted the days available to him for intermittent leave under the FMLA and had in all respects, other than providing doctors' notes for each intermittent FMLA absence, complied with Defendants' attendance policies.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

28. Plaintiff incorporates paragraphs 1-27 as though fully re-stated and set forth herein.

29. By August 29, 2005, Plaintiff had been employed by the Defendant for approximately three (3) years, and had worked at least 1,250 hours during the twelve months immediately preceding the date his intermittent FMLA leave began.

30. Plaintiff was required to be intermittently absent from work due to care for an ongoing serious medical condition.

31. Plaintiff's medical diagnosis constituted a "serious health condition" for purposes of the FMLA.

32. Plaintiff was entitled to intermittent leave in order to care for his health condition, under the FMLA.

33. Plaintiff's physician certified Plaintiff's medical condition and provided written certification to Defendant.

34. Defendant Company approved Plaintiff for intermittent FMLA leave to be taken pursuant to his physician's certification any time between August 29, 2005 and August 29, 2006.

35. Under the FMLA, an employer may request recertification no more than every thirty (30) days.

36. Defendant required Plaintiff to provide doctor's notes certifying his medical condition for each absence taken pursuant to Plaintiff's intermittent FMLA leave.

37. Defendant requested certification of Plaintiff's medical condition more frequently than once every thirty (30) days, and also failed to provide Plaintiff with any supplemental certification forms for such occasions that he would need intermittent FMLA leave.

38. Defendant penalized Plaintiff for his inability to provide doctor's notes for absences that clearly resulted from the FMLA certification that had previously been approved and that was on file with the Company.

39. Defendant has interfered with Plaintiff's exercise of his FMLA rights by terminating Plaintiff's employment for being absent from work pursuant to his pre-approved intermittent FMLA leave, as described above.

40. As a direct and proximate result of said act, Plaintiff has suffered and continues to suffer loss of income, loss of other employee benefits, and has suffered and continues to suffer from lack of employment, costs, fees, expenses, and damage to his reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jackson respectfully requests that this Court enter judgment in his favor and against Defendant Jernberg by:

(a) Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;

(b) Enjoining and permanently restraining these violations of the FMLA;

(c) Awarding Plaintiff back wages and lost benefits due to Defendant's violation of the FMLA;

(d) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A), and/or in the alternative, awarding Plaintiff interest on any compensation denied or lost to Plaintiff because of Defendant's unlawful acts;

(e) Awarding equitable damages, including but not limited to front pay, or reinstatement in the alternative;

(f) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action, as permitted under the FMLA; and

(g) Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

Dated: June 10, 2008

Respectfully Submitted,

__________________________________
One of Plaintiff's Attorneys

Alejandro Caffarelli #06239078
Lorraine T. Peeters #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, Illinois 60601
(312) 540-1230
(312) 540-1231

**JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues of fact.

__________________________________
One of Plaintiff's Attorneys